**IN THE UNITED STATES DISTRICT COURT FOR THE**
                           **WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BUDDY L. CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-270-M |
| ) | |
| HARTFORD INSURANCE COMPANY ) | |
| and/or d/b/a Hartford Life, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Objection to Proposed Administrative Record, filed August 31, 2007. On September 21, 2007, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

Plaintiff is a participant in a long-term disability plan ("Plan") established by his former employer, Wal-Mart Stores, Inc. The Plan is funded by a long-term disability insurance policy issued by defendant. Plaintiff contends that during the course of his employment, he became totally disabled as defined by the Plan and that his disability was the result of debilitating mental illness. In October 2003, plaintiff submitted a claim for long-term disability benefits to defendant. Defendant denied plaintiff's claim. Plaintiff appealed the claim denial, and defendant upheld its denial on appeal.

On March 6, 2007, plaintiff filed the instant action. Pursuant to this Court's order, defendant timely provided its proposed administrative record to plaintiff. Plaintiff has now filed his objection to defendant's proposed administrative record. Plaintiff contends that the record in this case should be supplemented to include records from a psychiatrist, Dr. Ripperger, and a sleep specialist, Dr. Schwartz, which had not been considered by defendant in making either its claim determination or

appeal determination. In the alternative, plaintiff contends that this Court should remand his claim back to defendant for further consideration in light of these records.

The Tenth Circuit has held that when determining whether a plan administrator's decision was arbitrary and capricious, a district court "generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992).[1] "In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision." *Id.* at 381.

As set forth in plaintiff's objection, the records which plaintiff seeks to supplement the record with were not before defendant at the time it made its decisions. The Court, therefore, finds that it may not consider these records for purposes of the instant action and, accordingly, that the record should not be supplemented with these records. Further, plaintiff has set forth no legal authority, and the Court has found none, which would allow this Court to remand plaintiff's claim prior to the Court determining that defendant acted arbitrarily and capriciously in handling plaintiff's claim.

---

[1] Because the Plan gave defendant discretionary authority to determine eligibility for benefits, this Court must review defendant's actions under an arbitrary and capricious standard. *See Sandoval*, 967 F.2d at 379-80.

Accordingly, the Court OVERRULES plaintiff's Objection to Proposed Administrative Record [docket no. 13]. The Administrative Record shall be filed within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 14th day of January, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE